UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason K. Stennes,                                                             Civil No. 12-913 SRN/AJB

                Plaintiff,

v.                                                                                       **REPORT AND RECOMMENDATION
                                                                                         ON DEFENDANTS' MOTIONS
                                                                                         TO DISMISS**

Summit Mortgage Corporation, et al.,

                Defendants.

      Jason K. Stennes, 614 Centennial Drive, Farmington, Minnesota 55024, pro se plaintiff;

      Kallie L. Ostlie, Esq., and Lawrence P. Zeilke, for defendants.

      This action is before the court, United States Chief Magistrate Judge Arthur J. Boylan, on plaintiff Jason Stennes' Motion for Temporary Injunction [Docket No. 2]; Motion to Dismiss by defendant HSBC Bank, USA, N.A. ("HSBC") [Docket No. 19]; Motion to Dismiss by defendant Summit Mortgage Corporation ("Summit") [Docket No. 24]; and Motion to Dismiss by defendants Shapiro & Zielke, LLP, Mark Dassier, Gerald M. Shapiro, David Kreisman, Lawrence P. Zeilke, Diane F. Mach, Melissa L.B. Porter, Thomas J. Hainje, Ronald W. Spencer, Wendy Oein Sanchez, Gary J. Evers, Kalli L. Ostlie, Stephanie O. Nelson, Amanda M. Govze, Kristine M. Speigelberg Nelson, Randolph W. Dawdy, and Carrie L. Mellesmoen (collectively "Law Firm Defendants")[1] [Docket No. 12].  Hearing on the motions was held on June 25, 2012, at the United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.  The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1).

---

      [1] Spelling as to each defendant is as represented in the defendants' motion to dismiss.

Plaintiff's motion for injunctive relief seeks to enjoin the sale of his home pursuant to foreclosure sale.  Defendants' motion to dismiss asserts that the summons and complaint have not been properly served on any of the defendants, and that the complaint does not state a cause of action for which relief can be granted.  All defendants argue jointly and have submitted a joint memorandum in support of their motions to dismiss.  It is the court's determination herein that the motions to dismiss should be granted as to all defendants, and the plaintiff's motion for temporary injunction should be denied.

**Background and Claims**

The complaint[2] and motion for injunctive relief in this matter relate to the foreclosure and sheriff's sale of plaintiff Jason Stennes' residential property located in or near Farmington, Minnesota.  Plaintiff's motion for temporary injunction was filed contemporaneously with the initial complaint on April 13, 2012, along with affidavits and an attachment described as an "Affidavit of Third Party Presentment, Certification of Mailing."[3]  This document certifies service by mail of: 1.  Third Party Presentment;[4] 2. Cause of action complaint–Proof of Claim; 3.  Affidavit of rules of procedure; 4. Temporary injunction; 5.  Affidavit of fact; and 6.  Summons.  On April 25, 2012, plaintiff filed an amended complaint.[5]

---

[2]  The complaint is captioned "Proof of Claim," but the document is somewhat multi-faceted.  The pleading contains a statement of jurisdiction, recitations of state causes of action, and demands for specified monetary damages.  In addition, the pleading includes numerous attached exhibits, a demand for discovery, and an affidavit of fact and service.

[3] [Docket No. 8].

[4]  The certification states that all responses to the indicated documents were to be made to a designated third party.

[5] [Docket No. 11].  The amended complaint is captioned "amended Proof of Claim."

The amended complaint is substantially identical to the initial complaint but adds Mortgage Electronics Registration Systems, Inc. ("Mortgage Electronics") and Julian Raynor as defendants and contains several additional allegations referencing Mortgage Electronics and also supplementing the claims for monetary damages with respects to various defendants.[6] The amended complaint contains discussion of the United States monetary system, the gold standard, and debt discharge using Federal Reserve notes.  The pleading alleges claims entitled: (Count 1) Fraud, Breach of Contract; (Count 2) Breach of Fiduciary Duty of, Extorion, Negligence the Constitutional Public Trust Contract of the United States; and (Count 3) Extortion, Negligence, Breach of Fuduciary Duty the Public Trust Contract of the Constitution of the United States.  Although three counts are asserted, plaintiff claims five grounds for damages from each defendant.[7]

The Law Firm Defendants moved to dismiss on April 26, 2012; defendant HSBC moved to dismiss on May 8, 2012; and defendant Summit moved to dismiss on May 10, 2012.  A joint memorandum in support of all defendants' dismissal motions was filed on May 10, 2012, and defendants' joint memorandum in opposition to the motion for preliminary injunction was filed on June 1, 2012.

Meanwhile, plaintiff has not directly responded to the motions to dismiss or the supporting memorandum.  However, he has filed various materials, including a document filed on April 30, 2012, in which the federal judges assigned to this case are advised that they may not

---

[6] The amended complaint, i.e. amended Proof of Claim, does not include the attachments that accompanied the initial complaint and therefore could be construed to not include those materials.  However, in light of their substantial overlap the court will consider the pleadings together.

[7] Amd. compl., page 10 [Docket No. 11].

issue any order in this lawsuit;[8] an "order" filed on April 30, 2012, vacating the district court's order referring the matter to the magistrate judge and granting the temporary injunction;[9] a "Superior Court Order" filed on May 15, 2012, vacating the order of reference to the magistrate judge and denying defendants' motion to dismiss;[10] an affidavit "Notice of Default judgment" and "Order for Default Judgment and Damages" filed on May 22, 2012, and May 25, 2012, respectively, advising defendants that they are in default and damages are due;[11] a "Superior Common Law Court of Record to Vacate Inferior United States District Court District of Minnesota Order to Dismiss" filed on June 7, 2012, purporting to vacate certain defendant opposition motions and district court orders;[12] an "Order Denying Defendants Oposition to Temporary Injunction" filed on June 7, 2012, asserting defendants' default;[13] and separate "Notice[s] of Lien[s]" as to certain defendants.[14]

**Service of Process**

Defendants contend that personal service of process has not been accomplished as to any of them and dismissal of the matter under Rule 12(b)(5) of the Federal Rules of Civil Procedure is therefore appropriate. Fed. R. Civ. P. 4(e) provides that the summons and

---

[8] [Docket No. 15].

[9] [Docket No. 16].

[10] [Docket No. 29].

[11] [Docket Nos. 30 and 31]. The amended complaint demands $1,000,000 from each defendant on each of five claims, i.e $5,000,000 from each of 18 defendants. The default notice asserts somewhat greater damages as to certain defendants.

[12] [Docket No. 35].

[13] [Docket No. 36].

[14] [Docket Nos. 37, 38, 39 and 40].

complaint must be personally served unless a waiver of personal delivery is filed. A plaintiff may request a waiver of personal service by complying with instructions for notifying the defendants that the action has been commenced under Rule 4(d)(1). A defendant is not required to waive personal service and the possible sanction for failing to waive, i.e. payment of the costs of personal service and related expenses, is contingent upon personal service having been actually made. Rule 4(d)(2). In this instance proof of service consists of notarized statements that a copy of the summons and complaint was sent to the Shapiro & Zielke, LLP law firm by certified mail; a copy of the summons and complaint was sent to HSBC by certified mail; and a copy of the summons and complaint was sent to Summit by certified mail.[15] The court record indicates that the amended complaint was mailed to the same defendants as well as Mortgage Electronics.[16] Nothing in the record indicates that any of the defendant individuals were served in any fashion and nothing has been filed in the court docket to establish that any corporate or individual defendant has waived personal service, and agreed to accept service by mail, pursuant to Rule 4(d).

In the absence of any authorization for service by mail under either Minnesota law or federal law, service of the summons and complaint by certified mail is insufficient and has not been properly accomplished. Minn. R. Civ. P. 4.03; Lamb v. Bank of America, N.A., 2012 WL 87146 at *2 (E.D. Mo., Jan. 11, 2012). Under these circumstances that court may allow plaintiff to effect service within a specified time frame or dismiss without prejudice. Defendant's motion to dismiss this action without prejudice for insufficiency of service of

---

[15] [Docket No. 8]. Affidavit of Third Party Presentment, Certification of Mailing.

[16] [Docket No. 11].

process under Fed. R. Civ. P. 12(b)(5) is therefore properly granted. However, the court will consider defendants' motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6) to determine whether dismissal should be with prejudice.

**Failure to State a Claim**

**Standard of Review.** A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. Twombly, 127 S.Ct. at 1974. When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 127 S.Ct. at 1964-65. A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote. Id. at 1965. However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim,

the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference. Piper Jaffray, 967 F. Supp at 1152. In addition, materials which are public record may be considered in deciding a motion to dismiss. E.E.O.C. v. Am. Home Prod., Corp., 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999).

In support of their Rule 12(b)(6) motion to dismiss, the defendants have submitted the Declaration of Kalli L. Ostlie with attached exhibits. The Declaration merely identifies the exhibits which consists of the underlying mortgage, an assignment of the mortgage, a foreclosure notice, and a case summary of plaintiff's bankruptcy action. The plaintiff's initial complaint contained several court documents relating to the bankruptcy action, as well as mortgage and foreclosure materials. Under these circumstances the court concludes that the evidentiary attachments and exhibits submitted in the pleadings and the Declaration of Kalli L. Ostlie are necessarily embraced by the pleadings, and it is not necessary to covert this motion to one for summary judgment under Rule 56. In any event, the decision on the merits of the claims in this

action does not rest on reference to extrinsic materials.

**Merits of Claims.** Count 1 of plaintiff's amended complaint alleges fraud and breach of contract against Summit, HSBC, and Mortgage Electronics; Count 2 of the pleading alleges breach of fiduciary duty, extortion, negligence, and the constitutional public trust contract of the United States as to the same institutional defendants; and Count 3 alleges extortion, negligence, breach of fiduciary duty, and the public trust contract of the constitution of the United States as to the Law Firm Defendants. In neither the general commentary in the pleadings, in which the plaintiff purports to authoritatively discuss the Federal Reserve system, the gold and silver standard, and the concept of the corporate person, along with other matters of great constitutional significance, or in the only slightly more particular allegations presented in the context of the separate counts, does the amended complaint (or the original complaint) contain sufficient facts to state a claim that is either conceivable or plausible. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974. There are essentially no particularized facts that would form the basis for a cause of action against any defendant in this case and the asserted legal principles and theories are completely lacking in merit.[17] Stated directly, there is absolutely nothing in the pleadings that would justify allowing this case to proceed on fraud, breach of contract, breach of fiduciary duty, extortion or negligence allegations; and even if a cause of action under Article I, Section 10 of the United States Constitution (public trust contract claim) could arguably exist, the provision expressly relates to actions by the States. There are no governmental parties in this matter. The pleadings in the case do not state a cause of action for

---

[17] Defendants have valiantly sought to apply some analytical structure to plaintiff claims, if only to create something worthy of a legal challenge. In reality, the pleadings state neither factual nor legal grounds for relief by any standard.

which relief can be granted and defendants' motion for dismissal of the case under Fed. R. Civ. P. 12(b)(6) should be granted.

**Temporary Injunction**

With respect to the factors to be considered in determining whether an injunction should be granted under Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 112-14 (8th Cir. 1981), Plaintiff Jason Stennes offers only the bare assertions that: (1) he will suffer irreparable harm if the trustee of the public trust does not order an injunction; (2) the harm to the plaintiff far outweighs any possible harm to defendant; (3) there is no adequate remedy at law because money damages will not restore the losses of property, emotional peace, time and faith in the trustees of the great public trust contract, i.e. the constitution; and (4) failure to grant an injunction will contravene the public trust. In considering a motion for preliminary injunction, the likelihood of success on the merits is not, alone, determinative, but rather, the court considers the particular circumstances of the case in determining whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo." Dataphase at 113. The movant bears the burden of proof with regard to each of the factors to be considered. Doe v. LaDue, 514 F.Supp.2d 1131, 1135 (D. Minn. 2007).

The defendants jointly oppose the motion for temporary injunction, asserting that there is no likelihood of success on the merits of plaintiff's claims. Based upon the court's recommendation that this matter be dismissed with prejudice, the motion for temporary injunction is moot. Nonetheless, the Dataphase factors will be briefing addressed.

**Likelihood of Success on the Merits.** With respect to injunctive relief, the likelihood of success on the merits is preeminent. Doe v. LaDue at 1136. In this regard plaintiff has not made a persuasive showing of likelihood of success on the merits for the reasons

9

previously discussed herein, i.e. the utter absence of a legal basis for the claims or particularized facts relating to such claims.  Therefore, the court does not find that probability of success on the merits with respect to injunctive relief weighs in favor of the plaintiff to the extent necessary to obtain such relief.

**Irreparable Harm.**  A party moving for a temporary injunction must the show existence of a significant risk of harm, and the absence of such a showing is sufficient to deny the motion.  Doe v. LaDue at 1135.  Speculative or possible harm is insufficient for preliminary injunctive relief.  Id.  Plaintiff contends that there is no adequate remedy at law because failure to grant an injunction will contravene the public trust money, damages will not restore the losses of property and emotional well-being.  Again, as previously stated, plaintiff has no constitutional claim in this suit and a threat of irreparable harm resulting from improper actions by the defendants has not been established.

**Balance of Harms.**  Plaintiff simply makes the conclusory statement that the harm to him outweighs the harm to the defendants.  Again, there are no concrete facts to support this contention and therefore the plaintiff has not carried this burden of proof as to this factor.

**Public Interest.**  The plaintiff does not specifically speak to the public interest to be protected through injunctive relief except to state that failure to grant the injunction will contravene the public trust.  Presuming that this relates to plaintiff's claims arising out of the public trust contract of the constitution of the United States, the court has found that the plaintiff's pleadings do not state a cause of action for which relief can be granted as to that claim and there is no public interest to be served by granting injunctive relief.

Plaintiff Jason Stennes' has not shown that the balance of equities favors his position in this matter such that justice requires the court to intervene to preserve the status quo.

Plaintiff's motion for temporary injunction should be denied.

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the court, the magistrate judge makes the following:

### RECOMMENDATION

It is **hereby recommended** that:

1. Plaintiff Jason Stennes' Motion for Temporary Injunction be **denied** [Docket No. 2];

2. Defendant HSBC Bank, USA, N.A.'s Motion to Dismiss be **granted** [Docket No. 19];

3. Defendant Summit Mortgage Corporation's Motion to Dismiss be **granted** [Docket No. 24];

4. The Motion to Dismiss by defendants Shapiro & Zielke, LLP, Mark Dassier, Gerald M. Shapiro, David Kreisman, Lawrence P. Zeilke, Diane F. Mach, Melissa L.B. Porter, Thomas J. Hainje, Ronald W. Spencer, Wendy Oein Sanchez, Gary J. Evers, Kalli L. Ostlie, Stephanie O. Nelson, Amanda M. Govze, Kristine M. Speigelberg Nelson, Randolph W. Dawdy, and Carrie L. Mellesmoen (collectively "Law Firm Defendants") be **granted** [Docket No. 12];

5. Claims asserted against Mortgage Electronics Registration Systems, Inc. and Julian Raynor as alleged in the amended complaint be **dismissed;** and

6. The complaint and amended complaint be **dismissed** with prejudice [Docket Nos. 1 and 11].

Dated:     July 11, 2012

                                                                s/Arthur J. Boylan
                                                                Arthur J. Boylan
                                                                United States Chief Magistrate Judge

       Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 27, 2012.

       Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.