# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason K. Stennes, <br><br> Plaintiff, <br><br> v. <br><br> Summit Mortgage Corporation, et al., <br><br> Defendants. | Civil No. 12-913 (SRN/AJB) <br><br> **ORDER** |

Jason K. Stennes, 614 Centennial Drive, Farmington, Minnesota 55024, pro se.

Kalli L. Ostlie, Esq., and Lawrence P. Zeilke, for Defendants.

SUSAN RICHARD NELSON, United States District Judge.

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated July 11, 2012 [Doc. No. 42]. In the R&R, Chief Magistrate Judge Boylan recommended that this Court deny Plaintiff's motion for temporary injunction [Doc. No. 2] and grant Defendants' motions to dismiss as to all defendants [Doc. Nos. 12, 19, 24]. Plaintiff filed an objection to the R&R on July 16, 2012 [Doc. No. 43]. Plaintiff objects to the R&R on the ground that the Court lacks jurisdiction or authority to make orders.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based upon that de novo review, the Court adopts the R&R in its entirety, denies Plaintiff's motion for temporary

injunction, and grants Defendants' motion to dismiss as to all defendants.

## I. BACKGROUND

Chief Magistrate Judge Boylan set forth the facts in this matter in his R&R and the Court will not repeat them here. Briefly, this matter involves a foreclosure and sheriff's sale of Plaintiff Jason K. Stennes's residential property located in or near Farmington, Minnesota. Plaintiff filed his initial complaint contemporaneously with a motion for temporary injunction on April 13, 2012 [Doc. Nos. 1, 2]. On April 25, 2012, Plaintiff filed an amended complaint [Doc. No. 11]. Plaintiff's alleged claims include breach of contract, fraud, extortion, negligence, and breach of fiduciary duty. (Am. Compl. at 10 [Doc. No. 11]). Defendants moved to dismiss on the basis that personal service of process has not been accomplished as to any of them and dismissal of this matter under Rule 12(b)(5) of the Federal Rules of Civil Procedure is therefore appropriate. (Def.'s Mem. at 3 [Doc. No. 26]). Defendants also moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted. (Id. at 5).

The R&R concluded that the Defendants' motions should be granted, Plaintiff's motion for temporary injunction should be denied, and Plaintiff's claims should be dismissed with prejudice. In evaluating Defendants' 12(b)(5) motion, the R&R found that "[n]othing in the record indicates that any of the defendant individuals were served in any fashion and nothing . . . establish[es] [defendants] waived personal service." (R&R at 5 [Doc. No. 42]). The R&R also considered Defendants' 12(b)(6) motion and found that "there is absolutely nothing in the pleadings that would justify allowing this case to proceed," and that Plaintiff's claims should be dismissed with prejudice. (Id. at 8). Since

dismissal with prejudice is appropriate, the R&R concluded that Plaintiff's motion for temporary injunction is moot. (Id. at 9). The R&R found further that even if the motion was not moot, Plaintiff fails to show that "the balance of equities favors his position . . . such that justice requires the court to intervene to preserve the status quo," and denial is appropriate. (Id. at 10).

## II. DISCUSSION

Plaintiff objects to the R&R on the basis that he, the Plaintiff, has not given the Court jurisdiction or authority to make orders, reports, or recommendations. The Court gives Plaintiff's objections the most liberal construction possible in light of Plaintiff's pro se status. Even the most liberal construction, however, cannot cure the inherent flaws in Plaintiff's objections. Plaintiff filed a complaint and amended complaint with the Court seeking relief, yet now objects to the R&R on the premise that he has not given the Court authority to grant orders. This objection fails because Congress, and not an individual, grants jurisdiction to federal courts. Chief Magistrate Judge Boylan is authorized by 28 U.S.C. § 636 to write reports and recommendations, and this Court is authorized to accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. Plaintiff's objections therefore are facially inadequate. The Court has conducted a de novo review of the record and found that the R&R is fully supported by law and fact.

Therefore, based upon the de novo review of the record and the submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1. Plaintiff's objections [Doc. No. 43] to Chief Magistrate Judge Arthur J. Boylan's July 11, 2012 Report and Recommendation are **OVERRULED.**

2. Chief Magistrate Judge Arthur J. Boylan's July 11, 2012 Report and Recommendation [Doc. No. 42] is **ADOPTED.**

3. Plaintiff's Motion for Temporary Injunction [Doc. No. 2] is **DENIED AS MOOT.**

4. Defendant HSBC Bank, USA, N.A.'s Motion to Dismiss [Doc. No. 19] is **GRANTED.**

5. Defendant Summit Mortgage Corporation's Motion to Dismiss [Doc. No. 24] is **GRANTED.**

6. The Motion to Dismiss by defendants Shapiro & Zielke, LLP, Mark Dassier, Gerald M. Shapiro, David Kreisman, Lawrence P. Zeilke, Diane F. Mach, Melissa L.B. Porter, Thomas J. Hainje, Ronald W. Spencer, Wendy Oein Sanchez, Gary J. Evers, Kalli L. Ostlie, Stephanie O. Nelson, Amanda M. Govze, Kristine M. Speigelberg Nelson, Randolph W. Dawdy, and Carrie L. Mellesmoen (collectively "Law Firm Defendants") [Doc. No. 12] is **GRANTED.**

7. Claims asserted against Mortgage Electronics Registration Systems, Inc. and Julie Raynor as alleged in the amended complaint are **DISMISSED.**

8. The Complaint and Amended Complaint [Doc. Nos. 1 and 11] are **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 31, 2012                s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge